WRIGHT, Presiding Judge.
Defendant appeals from a judgment for fraudulent misrepresentation.
Defendant sold furniture to the public upon orders placed after selection from catalogs. Defendant kept no inventory. Plaintiff selected furniture as pictured in a catalog. Defendant’s employee calculated the total price of the selection. Based upon the price stated and the pictured selection, an order was authorized, and payment was made in full.
Several weeks later furniture was delivered to plaintiffs home. Upon unpacking, it was determined that much of it was not the furniture pictured and ordered. Subsequently, another order was made by defendant of the pictured furniture. Upon receipt of it by defendant, it was learned that its price from the distributor was more than twice that originally charged plaintiff. After some negotiation about some pay *631 ment of the difference in price, there was failure of agreement. Suit was filed by plaintiffs claiming breach of warranty, fraud and misrepresentation. Trial in district court resulted in judgment for plaintiff. Defendant appealed to circuit court and trial de novo. Judgment again was for plaintiff. The court sitting without a jury found:
(1) “That the defendants misrepresented a material fact that the Defendants would sell certain furniture to the Plaintiffs at a certain price, that such misrepresentation concerning an existing material fact was made by the Defendants recklessly or without sufficient information therefor, and was made with the intent to induce the Plaintiffs to act; and that the Plaintiffs relied upon such misrepresentation and acted upon such misrepresentation to their injury.
(2) “That Plaintiffs were damaged in the sum of $1300.”
Defendant presents the only issue on appeal to be that they have no liability because the misrepresentation for which recovery is sought by plaintiff was not one of an existing material fact but a promise to sell in the future; ergo, it must be shown that the defendant never intended to perform.
We are unable to find such to be a legitimate issue under the pleading, proof and the finding of fact in the judgment of the court. We perceive the transaction to have been a present offer to sell specific, pictured merchandise by a seller (defendant) at a stated price with acceptance of the offer and full payment by plaintiff. The necessity of future delivery does not affect the present misrepresentation of quid pro quo. Therefore, the determinative issue could only be whether there is evidence to support the finding and judgment of the trial judge who heard the evidence ore ten-us. Jabco, Inc. v. Kelly, 342 So.2d 791 (Ala.Civ.App.1977). There is more than sufficient evidence to that end in our opinion. We therefore affirm.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.